**NOTE CHANGES MADE BY COURT**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MAHAD DAR, an individual and CREATIVE DREAM PRODUCTIONS, LLC a California Limited Liability Company,<br><br>  Plaintiff,<br><br>vs.<br><br>JORDAN HOUSTON p/k/a "JUICY J"; COLUMBIA RECORDS a business entity of form unknown; SONY MUSIC ENTERTAINMENT a Delaware corporation; SONY CORPORATION OF AMERICA, INC. a New York corporation,<br><br>  Defendants. | CASE NO. CV-14-07714-SS<br>Hon. Suzanne H. Segal<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Action Filed: October 03, 2014<br>Trial Date: July 19, 2016 |

**NOTE CHANGES MADE BY COURT**

Upon stipulation of the parties and consideration of the representation of the parties and the matters presented to the Court, the Court enters this Order to provide for protection of the respective parties' proprietary data for purposes of discovery and pre-trial in this proceeding.

///
///
///

3950.060/968749.1

1. <u>Information Subject To The Protective Order</u>:  The parties seek protection for, including without limitation, the following categories of confidential, proprietary, and/or financial information that has not been made public and that reflects or concerns the exploitation, sales, revenues, expenses, or profits from exploitation of the video, composition and sound recording "Bandz A Make Her Dance" or any other work (the "Works") or the creation of Works, or concerning exploitation of the Works:  (i) publishing statements; (ii) recording artist statements; (iii) licenses and other agreements relating to exploitation of the sound recording or composition; (iv) internal accounting or financial documents and information relating to sales, revenue, expenses, or profits from creation or exploitation of the sound recordings or compositions; (v) materials regarding marketing and exploitation of the sound recordings or compositions; and (vi) original master recordings, work tapes, files, agreements, and related materials regarding the creation of the sound recordings or compositions.  Each of the parties hereto represents to the Court in regard only to its own respective confidential materials that the foregoing materials are and at all times have been maintained in strict confidence by each respective party, are not publicly available, and have not been disclosed to third parties except to the extent reasonably necessary for business purposes under circumstances where the confidentiality of the materials would be maintained, and that public disclosure of the foregoing materials, including to each respective party's competitors, would cause competitive injury and prejudice due to the proprietary nature of information concerning that respective party's marketing, sales, exploitation, expenses, revenues, profits, financial terms of licenses and other agreements, and previously unreleased music files and other materials involved in the creation of the compositions or sound recording that have not previously been made public.  The foregoing is by way of example only and is not intended to limit and is without prejudice to: (a) the nature or scope of materials subject to protection hereunder, or the right of any party to challenge the scope of materials subject to

protection; (b) any party's right to challenge any other party's confidentiality designation made hereunder with respect to any specific documents or information produced in discovery; and (c) any party's objections to producing any specific documents or information in discovery or otherwise in connection with this action.

2. For the purposes of this Order, the words "document" and "documents" are used in the broadest possible sense and refer, without limitation, to documents as they are defined in Fed. Rule of Civ. Pro. 34(a)(1)(A) and 34(b)(2)(B).

3. In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony, or other information derived therefrom, as "Confidential" under the terms of this Protective Order. Confidential information is information which has not been made public and which concerns or relates to the matters described in Paragraph 1(a) and 1(b), above.

4. By designating a document, thing, material, testimony or other information derived therefrom as "Confidential" under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis in law and in fact for the designation within the meaning of Fed. R. Civ. P. 26(g).

5. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL" or by cover letter designation identifying the page numbers of the production that the party designates as confidential. All documents produced in discovery shall be sequentially numbered with no numbers repeated in a numbering sequence to be agreed upon by the parties. Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party. Responses to interrogatories or requests for admissions may be designated as "CONFIDENTIAL" by clearly labeling them as such in the body of the response. Any confidential electronically stored information produced on magnetic disks or other computer-related media may be designated as such by labeling each disk "CONFIDENTIAL"

prior to production. Electronic or native documents or information shall be similarly labeled where practicable, and where not practicable, written notification by a producing party that it is producing materials as confidential shall suffice for treatment as provided herein.

6. Testimony taken at a deposition may be designated as confidential by making a statement to that effect on the record at the deposition or by notifying the court reporter and all counsel in writing of the testimony that is designated confidential no later than twenty (20) days after the date that the court reporter notifies the witness and all counsel that the transcript is available for the witness to review and correct. Until the expiration of the above-stated time period, the parties shall treat all testimony given at the deposition as confidential. Any testimony that describes a document designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" hereunder shall be deemed to have the same confidential designation as the document it describes. Upon a party identifying the testimony as confidential prior to preparation of the transcript, the court reporter shall prepare the transcript of the testimony in a separate binder designated as confidential. Testimony designated as confidential after the transcript is prepared shall be maintained as confidential, and counsel will be responsible for marking the copies of the transcript in their possession or under their control as confidential in accordance with the designation. Deposition testimony of the parties to this action, including deposition transcripts, any videotape or other audio or audiovisual recordings of depositions, and any summaries or extracts thereof, shall only be used for purposes of Court hearings in this action, subject to the terms of this Order, including Paragraph 15 of this Order regarding filing under seal, and shall not otherwise be used or disclosed to any person for any purpose whatsoever.

7. Material designated as confidential under this Protective Order, the information contained therein, and any summaries, copies, compilations, abstracts, or other documents derived in whole or in part from material designated as

confidential (hereinafter "Confidential Material") shall be used by the receiving party only for the purpose of the prosecution, defense, or settlement of this action, including any appeals, and for no other purpose.

8.  Confidential Material produced pursuant to this Protective Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel, and in-house counsel), and to the "qualified persons" designated below:

   (a)  a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

   (b)  experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

   (c)  court reporter(s) employed in this action;

   (d)  a witness at a deposition for purposes of a deposition held in connection with this action, where such Confidential Material is relevant to a subject matter of which the deponent could or is likely to have knowledge;

   (e)  the authors, senders, addressees, and copy recipients of the Confidential Material; and,

   (f)  any other person as to whom the parties in writing agree.

9.  Prior to receiving any Confidential Material, each "qualified person" under subparagraph 8(b), above, shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Exhibit A. Prior to receiving any Confidential Material, each "qualified person" under subparagraph 8(d), above, shall be provided with a copy of this Order, and disclosing counsel shall make a good faith effort to request and have the witness execute a nondisclosure agreement in the form of Exhibit A. Disclosing counsel shall retain the signed copies of Exhibit A in its file for at least three (3) years after termination of this action.

///

///

10. Only qualified persons listed under subparagraphs 8(a) or 8(b), above, who have executed the non-disclosure agreement and counsel for a party may attend depositions at which Confidential Material is used or discussed.

11. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material") in the manner described in paragraphs 3, 4, 5 and 6, above. Attorney's Eyes Only Material is limited to extremely sensitive confidential information that has not been made public, the disclosure of which to another party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means, such as confidential and sensitive matters of a proprietary business or technical nature that might be of value to a potential competitor of the producing party, or unreleased musical or promotional materials, and which the producing party contends must be protected from disclosure to other parties or third parties. The "CONFIDENTIAL - ATTORNEY'S EYES ONLY" designation is intended to be used sparingly, and in connection with any challenge to such designation, the burden is on the designating party to show that the challenged material qualifies for heightened protection as Attorneys Eyes Only Material under this Order. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 8(b), 8(c), and 8(e) (provided such person is a current employee of a party) above, but shall not be disclosed to a party, a witness, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

12. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action,

whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

13. Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony or other evidence. The parties agree to meet and confer in good faith and to work out with Court appropriate procedures for the use of any confidential documents designated hereunder at trial.

14. Any witness or other person, firm, or entity from which discovery is sought may be informed of and may obtain the protection of this Protective Order by providing all parties with a declaration executed under penalty of perjury agreeing to comply with and be bound by the provisions of this Order and to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing or otherwise providing relief relating to this Order.

15. If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only Material, is included in any papers to be filed with the Court, such papers ~~shall~~ *may* be submitted for filing with the Court along with an application and proposed order to file the papers under seal in compliance with Local Rule 79-~~5.1~~ *as revised December 1, 2015*. The application shall be directed to the *SdjS* judge to whom the papers are directed. ~~Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.~~ *See Revised LR 79.*

16. If Confidential Material (including Attorney's Eyes Only Material) is inadvertently disclosed to any person other than in the manner authorized by this Protective Order, the person responsible for the disclosure must promptly inform the designating party of all pertinent facts relating to such disclosure, shall make every effort reasonably required to secure the return of such Confidential Material from any unauthorized person who has possession of it, and shall make every effort reasonably required to prevent disclosure by each unauthorized person who received such Confidential Material. The inadvertent or unintentional disclosure of any

KING, HOLMES,
PATERNO &
BERLINER, LLP

3950.060/968749.1

7

Confidential Material without an appropriate designation shall not be construed to be a waiver, in whole or in part, of that party's right to claim that the Confidential Material should be subject to protection as Confidential Material under this Order.

17. If any Confidential Material obtained, or any material derived or generated therefrom, is sought through discovery from either party by any other litigant in any other judicial or administrative proceeding, each party agrees to immediately notify the designating party in writing so as to permit the designating party to seek a protective order from the appropriate court.

18. This Protective Order shall be without prejudice to the rights of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted, (ii) to seek and obtain, upon an appropriate showing, additional protection with respect to the confidentiality of Confidential Material or relief from this Protective Order with respect to particular designated Confidential Material, or (iii) to present a motion to the Court under Fed. R. Civ. P. 37 to compel the redesignation or production as to any particular document or information should any party object to any designation of confidentiality, provided the parties comply with Local Rule 37. In making or opposing any motion regarding the designation of specific material as confidential under this Order, the designating party shall bear the burden of showing specific harm or prejudice that will result if no protective order is granted for the material. This Protective Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Protective Order.

19. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Protective Order nor the production of any information or document under the terms of this Protective Order nor any proceedings pursuant to this Protective Order shall be

1 deemed to have the effect of an admission or waiver by either party or of altering the
2 confidentiality or non-confidentiality of any such document or information or
3 altering any existing obligation of any party or the absence thereof.

4     20. This Protective Order shall survive the final termination of this action, *see ltr*
5 to the extent that the information contained in Confidential Material is not or does
6 not become known to the public, and the Court shall retain jurisdiction to resolve
7 any dispute concerning the use of information disclosed hereunder. Upon
8 termination of this case, including all appeals, and upon sixty (60) days written
9 request by counsel for the providing party, the parties shall assemble and return to
10 each other all Confidential Material, including all documents, material and
11 deposition transcripts designated as Confidential and all copies, abstracts, and
12 summaries of same, or shall certify the destruction thereof. Notwithstanding the
13 foregoing, the parties shall not be obligated under this Protective Order to ensure the
14 destruction of any copies of electronically-stored information made by the automatic
15 processes of their computer systems, including but not limited to any such copies
16 that may reside on their servers and/or backup tapes.

17     IT IS SO ORDERED.

19 Dated: 12/4/15

                                                          MAGISTRATE SUZANNE H. SEGAL
                                                          JUDGE. UNITED STATES DISTRICT COURT

KING, HOLMES,
PATERNO &
BERLINER, LLP

3950.060/968749.1

9

# CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2015, I electronically filed the foregoing **STIPULATION FOR ENTRY OF PROTECTIVE ORDER** with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*Meg McDonnell*
Meg McDonnell

KING, HOLMES,
PATERNO &
SORIANO, LLP

3950.060/970213.1